IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID LOPEZ,

      **Plaintiff,**

vs.                                                 No. CIV 02-303 LH/LCS

JO ANNE BARNHART,
**Commissioner of Social Security,**

      **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Plaintiff's Motion for Order Authorizing Attorney Fees (Doc. 19), filed January 20, 2004. Defendant filed a Response in opposition to this Motion. The Court, having considered the submissions of counsel, relevant law, and being otherwise fully advised, finds that this Motion is not well-taken and should be **DENIED**.

**PROPOSED FINDINGS**

1.    On November 8, 2002, I issued Proposed Findings and Recommended Disposition recommending that Plaintiff's Motion to Reverse and Remand Agency Decision be denied. (Doc. 11). Plaintiff filed Objections to my Proposed Findings and on December 5, 2002, United States District Judge C. LeRoy Hansen adopted the Proposed Findings and Recommended Disposition (Doc. 13) and entered an Order of Judgment dismissing the case. (Doc. 14).

2.    Plaintiff filed a Notice of Appeal with the United States Court of Appeals for the Tenth Circuit on February 3, 2003. (Doc. 15). The Court of Appeals issued its order on December 11, 2003, affirming the district court in part and reversing in part, and remanding the case to the district court with instructions to remand the matter to the Commissioner for further

proceedings consistent with its opinion. (Doc. 17). District Judge Hansen ordered the case remanded to the Commissioner on January 12, 2004. (Doc. 18). Plaintiff now seeks attorney fees and costs accrued in connection with the remand of the case pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Defendant filed a Response in opposition to Plaintiff's Motion on February 4, 2004 (Doc. 21), and Plaintiff filed a Reply thereto on February 11, 2004 (Doc. 22).

3. The EAJA provides that when a party prevails against the United States in a civil action challenging administrative actions, the "court shall award to a prevailing party" its fees and other expenses, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Any party who succeeds on any significant issue in litigation which achieves some of the benefits sought in bringing the suit is considered a prevailing party. *Battle v. Anderson*, 614 F.2d 251, 258 (10th Cir. 1980). In order to be "substantially justified," the government's position must be "justified to a degree that could satisfy a reasonable person." *Baker v. Bowen*, 707 F.Supp. 481, 483 (D. Wyo. 1989). In Social Security cases, the test has been phrased as "whether a reasonable person would agree with the Secretary's stance." *Id.* at 484.

4. The Tenth Circuit remanded this case to the district court with directions to remand the matter to the Commissioner. Prevailing party status is a threshold requirement to recovery under the EAJA, and to obtain that status, a plaintiff must have "succeeded on any significant issue in litigation which acheive[d] some of the benefit . . . sought in bringing suit." *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993) (quoting *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791-92 (1989)). The touchstone of the prevailing party inquiry

must be the material alteration of the legal relationship of the parties.  *Garland*, 489 U.S. at 792-93.  The remand in this case did not change the legal relationship between the parties.  *See Jackson v. Chater*, 94 F.3d 274, 277-78 (7th Cir. 1996) (holding that plaintiff was not prevailing party where case remanded for ALJ to take additional evidence and remand order did not reverse Commissioner's position).  Similarly, remand in this case for the purpose of obtaining vocational expert testimony or other limited evidence of the effect of nonexertional limitations on plaintiff's ability to perform light work has not altered the legal relationship of the parties.  Thus, Plaintiff is not a prevailing party within the meaning of the EAJA.

5. Even if Plaintiff were found to be the prevailing party however, he cannot meet the second condition for an award of EAJA fees.  Plaintiff argues that the Commissioner's position was not substantially justified because the ALJ improperly applied the Medical-Vocational guidelines ("Grids") at step five of the sequential evaluation.  (Doc. 20).  The Commissioner contends that the ALJ was substantially justified in his use of the grids because a "genuine dispute" exists over whether Petitioner's need to work in a non-public environment significantly eroded the job base such that use of the grids was inappropriate.  The Supreme Court has held that "substantial justification" does not mean "justified to a high degree."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).  Rather, the substantial justification prong is satisfied if there is a "genuine dispute" or if "reasonable people could differ as to the appropriateness of the contested action."  *Id.*

6. The ALJ in this case found that Plaintiff's mental impairment was not severe in and of itself and it appears the ALJ further found that Plaintiff's nonexertional limitations did not significantly erode the occupational base Plaintiff was capable of performing.  In my Proposed

Disposition, I recommended finding that the ALJ did not err in using the Grids at step five because his opinion that Plaintiff's nonexertional limitations did not significantly erode the occupational base was supported by substantial evidence. (Doc. 11). Judge Hansen, over Plaintiff's Objections, adopted my findings that the ALJ did not err in applying the grids at step five. (Doc. 13). Thus, I find that a reasonable person could agree with the Commissioner's position that use of the grids was substantially justified. Accordingly, I recommend that Plaintiff's motion for an award of attorney fees under the EAJA be denied.

### RECOMMENDED DISPOSITION

For these reasons, I recommend that Plaintiff's motion for an award of attorney fees under the EAJA be denied. Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636 (b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**